JOHN A. BRYANT, ASSESSOR OF SCHOOL DISTRICT No. ONE OF LELAND TOWNSHIP v. VERDINE K. MOORE, TOWNSHIP TREASURER

*Mandamus to compel payments.*

Mandamus lies to compel a township treasurer to pay to relator so much of the money in his hands as is covered by the warrant of a school director drawn in relator's favor and in proper form, even though it does not specify a precise sum but is for all such money in his hands as was raised for the purposes of the school district and belonged thereto.

The custodian of public funds is bound to make payment on a proper warrant to the extent of the moneys lawfully in his hands, and cannot refuse on the ground that his right to the custody of the remainder is disputed.

Mandamus to compel the payment of money may be granted so far as concerns a portion of the demand, while as to the rest the application is dismissed.

Mandamus.    Submitted Jan. 18.    Granted Feb. 27.

50 MICH.—15

*Edward Cahill* and *Thomas W. Browne* for relator. An assessor of a school district is its treasurer and entitled to the custody of all its funds: *Midland School Districts* 40 Mich. 551; *Burns v. Bender* 36 Mich. 195; *McPharlin v. Mahoney* 30 Mich. 100; where respondent is required to show cause why he should not pay out funds in his hands, it is insufficient to answer that his right to a portion of them is disputed, for no reason is shown why he should not pay over those funds to which his right is undisputed: *Reeder v. Wexford Treasurer* 37 Mich. 351.

*Moore & Moore* for respondent.

GRAVES, C. J. The relator alleges in his petition that the respondent holds $882.50 " or thereabouts " belonging to relator's district and that $722.55 of it was raised by tax levied on the property of the tax-payers of the district, and $159.96 or *about that amount* was received as primary school money. That an order or warrant drawn on respondent by the director for the payment to relator of all money in respondent's hands raised for district purposes and belonging to said district, and countersigned by the moderator, was presented by relator to the respondent and that the respondent refused payment.

In answer to the matters of the petition the respondent admits that he holds money of the district, and specifies $128 as being the sum of primary school money so held " as near as can be determined." He admits having on hand the further sum of $604 collected from the tax-payers. But he says the Leland Iron Company assert that about $475 of this money was wrongfully and illegally collected by respondent from such company, and that it has commenced a suit in Wayne county against him for its restitution and that the suit is still pending. He denies that the amount in his hands exceeds these sums, and avers that the order or warrant which was presented to him was not legal or sufficient, but he neither points out any defect nor intimates the nature of the objection.

The case is brought to hearing on these papers and it becomes necessary to dispose of it.

According to his own admissions the respondent holds at least $257 of the money of the district which he should have accounted for. So far as appears he withheld it without a particle of right or justice. He was not called on for any precise sum, and if he had any ground for keeping back other money it was no excuse for detaining this. He should have paid it or at least offered to pay it on the order.

In regard to the residue of relator's claim it is evident the case presented by the papers is too ambiguous in fact and principle to permit any definite opinion either as respects the amount or as respects the more general question of the right of relator to this remedy. For the sum of $257 the respondent is manifestly liable in this proceeding, and if necessary the relator will have the aid of the writ to compel the payment on the order.

As to the other portion of the claim, be it more or less, the application must be dismissed, but without prejudice to any other proceedings which may be advised concerning it.

The relator will recover his costs of this motion.

COOLEY and MARSTON, JJ. concurred.